# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. GENTILE, | Case No. 1:15-cv-00943-DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| U.S. FEDERAL MARSHAL, | |
| Defendant. | |

Plaintiff Raymond A. Gentile ("Plaintiff"), a former federal inmate at the Lerdo Pre-Trial Facility, is proceeding pro se and in forma pauperis in this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed his complaint on June 23, 2015. He names the United States Federal Marshal as the sole Defendant.[1]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 10, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## B.  ALLEGATIONS IN COMPLAINT

The events at issue occurred while Plaintiff was incarcerated at the Lerdo Pre-Trial Facility in Lerdo, California.

Plaintiff alleges that on or about July 1, 2013, he underwent a CT scan performed by Dr. Shumaila.  Dr. Shumaila determined that Plaintiff needed a hernia repair operation, which he performed.

Plaintiff was next examined by Dr. Mostofi, who discovered a mass on Plaintiff's left kidney.  Dr. Mostofi immediately requested approval to perform a biopsy of the mass from the United States Marshal.  The request was denied without reason.

Dr. Mostofi submitted several more requests over the course of approximately four months, stating that the need for a biopsy was urgent.  Each request was denied.

Due to Plaintiff's worsening condition, his attorney petitioned for his immediate release from prison to permit Plaintiff to seek his own medical treatment.  The Court granted the petition for release.

Immediately following his release, Plaintiff was examined by his primary care physician, Dr. Prabhu, who determined that Plaintiff was in urgent need of examination by a kidney specialist.  Plaintiff was referred to Dr. Leo, a kidney specialist, and underwent a biopsy on May 16, 2014.

///

The biopsy revealed a rapidly growing mass diagnosed as Cystic Renal Cell Carcinoma. The doctor told Plaintiff that due to the delay in treatment, the mass had grown significantly and his only option was to have the kidney removed. Plaintiff agreed to do so.

Plaintiff alleges that he was subsequently informed by medical experts that if the biopsy had been performed when the mass was first detected by Dr. Mostofi on or about July 1, 2013, he would have had additional treatment options available.

Dr. Prabhu prepared a letter and issued a report stating that Plaintiff's prognosis is terminal, "as a direct result of Defendant's repeated refusals to approve the referenced medical requests of Dr. Mostofi." ECF No. 1, at 5.

Plaintiff believes that the denial of the biopsy was an act of bad faith without just cause, in violation of the Eighth Amendment. He requests monetary damages.

**C.  DISCUSSION**

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

At the pleading stage, Plaintiff's allegations are sufficient to state a claim under the Eighth Amendment. He has not, however, identified a Defendant. Plaintiff simply names "U.S. Federal Marshal" as the sole Defendant. It is unclear whether Plaintiff is naming an individual or the United States Marshal Service. To the extent that it is the later, Plaintiff is informed that a Bivens claim is not available against a federal agency. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Rather, a Bivens claim can only be stated against a federal officer in his or her individual capacity. Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996).

If Plaintiff is referring to an individual Marshal, the United States Marshal cannot initiate service of process on an unknown Defendant. Thus, while Plaintiff's factual allegations may state a claim for relief, the action cannot proceed further unless and until Plaintiff identifies the individual(s) responsible for the denials. In this regard, Plaintiff is informed that he must link each named defendant to a violation of his constitutional rights; there is no respondeat superior liability under Bivens. Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010).

Plaintiff will therefore be granted leave to amend to name the individual responsible for the denials.

## D.    CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim for relief under the Eighth Amendment, but he has not identified an individual to allow for service. Therefore, Plaintiff's complaint is

///

///

///

DISMISSED WITH LEAVE TO AMEND so that he may substitute the name of the individual(s) responsible for the denial of medical care.

IT IS SO ORDERED.

Dated: **October 27, 2015**        /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE

5