1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND A. GENTILE,                     Case No. 1:15-cv-00943-DLB

11          Plaintiff,                       ORDER DISMISSING FIRST
                                             AMENDED COMPLAINT WITH
12      v.                                   LEAVE TO AMEND

13   U.S. FEDERAL MARSHAL, et al.,           SIXTY-DAY DEADLINE

14          Defendants.
     _____/

15

16          Plaintiff Raymond A. Gentile ("Plaintiff"), a former federal inmate at the Lerdo Pre-Trial

17   Facility, is proceeding in forma pauperis in this action pursuant to Bivens v. Six Unknown Named

18   Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for

19   violation of civil rights by federal actors.[1]  Plaintiff filed his complaint on June 23, 2015.[2]

20          The Court screened Plaintiff's complaint on October 28, 2015, and found that it stated a

21   denial of medical care claim under the Fourteenth Amendment.[3]  However, as Plaintiff had not

22   named a proper individual Defendant, the action could not proceed.  Plaintiff was given leave to

23   amend to name a Defendant responsible for the denial of medical treatment.

24   _____

25   [1]  By separate order, the Court has appointed counsel for the limited purpose of filing an amended complaint.

26   [2]  Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 10, 2015.

27   [3]  The order inadvertently cited the Eighth Amendment as the source of Plaintiff's claim.  However, while the
     standards are the same, Plaintiff's claim arises out of the Fourteenth Amendment because he was a pretrial detainee at
28   the time in question.

Plaintiff filed his First Amended Complaint on November 24, 2015.  He names the United States Federal Marshal, Deputy Director David Harlow, Assistant Director of Prisoner Operations Eben Morales and United States Marshal Albert Najera as Defendants.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

**B.    ALLEGATIONS IN COMPLAINT**

The events at issue occurred while Plaintiff was incarcerated at the Lerdo Pre-Trial Facility ("Lerdo") in Lerdo, California.

Plaintiff alleges that on or about July 1, 2013, while an inmate at Lerdo, he underwent a CT scan performed by Dr. Shumaila.  Dr. Shumaila determined that Plaintiff needed a hernia repair operation, which he performed.

Following the operation, Plaintiff was examined at Lerdo by Dr. Mostofi, who discovered a mass on Plaintiff's left kidney.  Dr. Mostofi immediately requested approval to perform a biopsy

of the mass "from Defendant U.S. Federal Marshal, by and through Defendant Deputy Director David Harlow and Defendant, Assistant Director of Prisoner Operations, Eben Morales." ECF No. 8, at 4.  The request was denied without reason.

Dr. Mostofi submitted several more requests over the course of approximately four months, stating that the need for a biopsy was urgent.  Defendants denied each request without reason.

Due to Plaintiff's worsening condition, his attorney petitioned for his immediate release from prison to permit Plaintiff to seek his own medical treatment.  The Court granted the petition for release.

Immediately following his release, Plaintiff was examined by his primary care physician, Dr. Prabhu, who determined that Plaintiff was in urgent need of examination by a kidney specialist.  Plaintiff was referred to Dr. Leo, a kidney specialist, and underwent a biopsy on May 16, 2014.

The biopsy revealed a rapidly growing mass diagnosed as Cystic Renal Cell Carcinoma.  The doctor told Plaintiff that due to the delay in treatment, the mass had grown significantly and his only option was to have the kidney removed.  Plaintiff agreed to do so.

Plaintiff alleges that he was subsequently informed by medical experts that if the biopsy had been performed when the mass was first detected by Dr. Mostofi on or about July 1, 2013, he would have had additional treatment options available.  Other options would have reduced the probability of "facing the present dire prognosis of imminent death."  ECF No. 8, at 5.

Dr. Prabhu prepared a letter and issued a report stating that Plaintiff's prognosis is terminal, "as a direct result" of Defendants' repeated refusals to approve Dr. Mostofi's medical requests.  ECF No. 8, at 5.

Plaintiff believes that the repeated refusals of Defendants United States Marshal, David Harlow and Eben Morales to approve Dr. Mostofi's requests for an urgent biopsy were acts of bad faith, in violation of Plaintiff's right to receive proper medical care.  He requests monetary damages.

///

1    **C.     DISCUSSION**

2           1.     Denial of Medical Care

3           As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount

4    to punishment.  Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo

5    County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591

6    F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due

7    Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth

8    Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.

9    Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128

10   (9th Cir. 1998).

11          While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

12   care, the Eighth Amendment is violated only when a prison official acts with deliberate

13   indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.

14   2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

15   2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,

16   1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that

17   failure to treat [his] condition could result in further significant injury or the unnecessary and

18   wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

19   indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).

20          Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a

21   prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680

22   F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective

23   recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation

24   and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

25          In the prior order, the Court found that at the pleading stage, Plaintiff's allegations were

26   sufficient to state a claim under the Fourteenth Amendment.  He had not identified a proper

27   Defendant, however, and the case could not proceed.  Plaintiff was offered an opportunity to

28   amend, and the Court explained that Plaintiff had to link each named defendant to a violation of

4

his constitutional rights, as there is no respondeat superior liability under <u>Bivens</u>.  <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); <u>Serra v. Lappin</u>, 600 F.3d 1191, 1200 (9th Cir. 2010).

Plaintiff now names three individual Defendants- Deputy Director David Harlow, Assistant Director of Prisoner Operations Eben Morales and United States Marshal Albert Najera. Plaintiff's First Amended Complaint does not include any factual allegations against Defendant Najera, and Plaintiff has therefore failed to link him to any alleged violations.

As to Defendants Harlow and Morales, Plaintiff contends that his physician requested approval of the biopsy "from Defendant U.S. Federal Marshal, by and through Defendant Deputy Director David Harlow and Defendant, Assistant Director of Prisoner Operations, Eben Morales." ECF No. 8, at 4.  He further states, that "Defendants, and each of them, denied each request without reason."  ECF No. 8, at 4.

Although Plaintiff has now named Defendants Harlow and Morales, it is not clear from his complaint that they were actually responsible for the denials.  Plaintiff does not include any specific facts relating to the denials, and it appears that he may have named them simply because of their supervisory positions.  His failure to provide additional facts prevents the Court from determining whether Defendants Harlow and Morales (1) are actually linked to the denials; and (2) whether they acted with deliberate indifference.  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  <u>Id</u>. (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  <u>Id</u>.

2.   <u>United States Federal Marshal</u>

To the extent that Plaintiff names the United States Federal Marshal Service as a Defendant, the Court previously explained that a <u>Bivens</u> claim is not available against a federal agency.  <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994).  Rather, a <u>Bivens</u> claim can only be stated against a federal officer in his or her individual capacity.  <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996).

///

///

3.    Leave to Amend

Plaintiff will be granted leave to amend to name the individuals responsible for the denial of medical treatment.  Plaintiff must allege sufficient facts to show that (1) the named Defendants were actually linked to the denial, and are not named in their supervisory roles; and (2) the Defendants acted with deliberate indifference, i.e., that they "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.  Simply stating that the requests were denied without reason is insufficient to meet this standard.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint does not state any cognizable claims against any Defendants, and it is dismissed with leave to amend.

If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    Within sixty (60) days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and

///

///

///

2.   If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 20, 2016**                              **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE