UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. GENTILE,<br><br>        Plaintiff,<br><br>    v.<br><br>US FEDERAL MARSHAL,<br><br>        Defendants. | Case No. 1:15-cv-00943-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 24)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I.    BACKGROUND**

Raymond A. Gentile ("Plaintiff") is proceeding *in forma pauperis* in this federal civil rights case filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389, 91 S. Ct. 1999, 2001, 29 L. Ed. 2d 619 (1971). On July 10, 2015, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 6).

The original complaint was filed on June 23, 2015. (ECF No. 1). Plaintiff named the "United States Federal Marshal" as the sole defendant and alleged that he was denied medical care while being held at the Lerdo Pre-Trial Facility ("Lerdo") in Kern County, California. Specifically, Plaintiff alleged that in mid-2013 he was seen by doctors at Lerdo, who discovered a mass on Plaintiff's left kidney and determined that he required a biopsy. However, the U.S. Federal Marshal, the governmental entity controlling Plaintiff's custody, denied approval of the requests for treatment. Upon his release, Plaintiff was seen by doctors

and a biopsy was performed revealing that Plaintiff had a rapidly growing mass diagnosed as Cystic Renal Cell Carcinoma. The doctors informed Plaintiff that due to the delay in treatment, the mass had grown significantly and his only option was to have the kidney removed.

U.S. Magistrate Judge Dennis L. Beck dismissed the Complaint with leave to amend on October 28, 2015. (ECF No. 7). Magistrate Judge Beck found that Plaintiff's allegations were sufficient to state a claim under the Eighth Amendment for deliberate indifference, but Plaintiff had failed to identify a defendant. (*Id*.).

Plaintiff filed a First Amended Complaint ("1AC") on November 24, 2015. (ECF No. 8). The 1AC again alleged that while Plaintiff was being held in "Kern County Lerdo Prison Facility," doctors recommended a biopsy but approval for the biopsy was denied by the U.S. Federal Marshal. As defendants, Plaintiff listed David Harlow, Deputy Director (Washington, D.C.), Eben Morales, Assistant Director of Prisoner Operations (Washington, D.C.), and Albert Najera, U.S. Marshal (Sacramento).

On April 20, 2016, U.S. Magistrate Judge Sandra M. Snyder appointed counsel for Plaintiff "for the limited purpose of investigating the claim, then drafting and filing an amended complaint pursuant to the screening order." (ECF No. 9). On the same day, Magistrate Judge Snyder dismissed the First Amended Complaint with leave to amend because Plaintiff had failed to properly link the denials of medical care to the named defendants as required by applicable law. (ECF No. 10).

On June 16, 2016, Plaintiff, assisted by his appointed counsel, filed a Second Amended Complaint, naming 20 unknown John Doe defendants in connection with an alleged denial of medical treatment while Plaintiff was incarcerated at Lerdo State Prison in Kern County, California "under the control and direction of the United States Marshal's Service after being arrested for various charges related to owning and operating a medical marijuana dispensary in Bakersfield, California." (ECF No. 11, p. 1 ¶ 1).

Plaintiff was granted leave to serve a subpoena to identify the John Doe defendants, and that subpoena was returned executed on October 18, 2016. (ECF Nos. 12, 14, 17). In reviewing the subpoena response, the attorney was unable to identify any defendant who had denied

Plaintiff medical care as alleged in the Second Amended Complaint. (ECF No. 22-2, p. 2 ¶ 9). The attorney counseled Plaintiff on the issue. (*Id*. at 2-3). However, Plaintiff informed the attorney that he no longer required representation in this matter. (*Id*. ¶ 13). The attorney was permitted to withdraw on May 31, 2017 (ECF No. 23). Upon the withdrawal, the attorney provided Plaintiff all records received in response to the discovery requests. (ECF No. 22-2 ¶ 13).

On July 5, 2017, Plaintiff, now proceeding *pro se*, filed a Third Amended Complaint ("3AC"). (ECF No. 24). On September 5, 2017, relying on Plaintiff's consent, the magistrate judge issued a screening order dismissing the 3AC as frivolous and for failure to state a claim upon which relief can be granted. (ECF No. 25.)

Plaintiff appealed. (ECF No. 28). The United States Court of Appeals for the Ninth Circuit vacated and remanded on the ground that the magistrate judge did not have jurisdiction to dismiss Plaintiff's complaint because not all parties had consented to magistrate judge jurisdiction. (ECF No. 34).

The Ninth Circuit did not address the merits of the Court's September 5, 2017 order, (ECF No. 25). As the Court finds that Plaintiff's 3AC is frivolous and fails to state a claim upon which relief can be granted, the Court will recommend that this action be dismissed with prejudice.

## II. THIRD AMENDED COMPLAINT

In the 3AC, the substantive factual allegations relating to a denial of a request for biopsy remain largely unchanged. Like the three previous complaints, Plaintiff still contends that the U.S. Marshals Service denied approval of biopsy requests. For the fourth time, no named individual is identified as the person responsible for the denials.

The 3AC also adds new allegations. Plaintiff now attempts to sue Sheriff Margaret Mims (Fresno County Sheriff), Defendant Edward Moreno (Director, Fresno County Public Health Department), Defendant George Laird (Division Manager, Correctional Health, Fresno County Public Health Department), Defendant Pratap Narayen (Medical Director, Division of

Correctional Health, Fresno County Public Health Department), and Kelly Santoro (Warden of Lerdo Max-Med Security Facility). All Defendants are sued in their official capacities, and Plaintiff, who is a Las Vegas, Nevada resident, seeks "declaratory and injunctive relief to remedy dangerous and unconstitutional conditions in the Fresno County Lerdo Max-Med Security Facilities, in the State of California, County of Fresno." The 3AC alleges that:

> Sheriff Mims is ultimately responsible for the care and safety of the Prisoners in the Prison. [Captain] Weldon oversees the contract with the Department of Public Health for the delivery of health care in the Prison. In this role, she works directly with Edward Moreno, George Laird and Pratap Narayan, who are the Department of Public Health administrators responsible for the delivery of health care at the Prison. All of these parties are intimately familiar with the policies and practices described herein that create an unreasonable risk of harm to prisoners at the prison.

(ECF No. 24 ¶ 27).

Plaintiff alleges that the new Defendants subjected him to medical harm through policies and practices that denied him minimally adequate medical and mental health care. (*Id*. ¶ 26). He claims that Defendants have a policy and practice of maintaining fewer health care positions than necessary to adequately treat the prison population, which resulted in a lack of adequate diagnosis at an early stage of his cancer. (*Id*. ¶¶ 30-33). Additionally, Plaintiff alleges that Defendants unreasonably delay access to health care and fail to maintain complete and adequate records. (*Id*. ¶¶ 36-37).

## III. DISCUSSION

Under 28 U.S.C. § 1915(e), the court is required to dismiss a case of plaintiff proceeding *in forma pauperis* at any time if the court determines that the action is (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*1. Frivolousness*

Plaintiff's prior filings in this case indicate that he had knowledge that Lerdo is located in Kern County, California. Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint all clearly state the events in question transpired while he was being held in the Lerdo facility in Kern County, California. (ECF Nos. 1; 8; 11). However, Plaintiff now alleges for the first time that the Lerdo is located in Fresno County, California. (ECF No. 24). He then proceeds to make allegations against Fresno County Defendants.

Plaintiff appears to have copied and pasted his new allegations against these defendants from another Eastern District of California case, *Hall, et al., v. Mims, et al.*, Case No. 1:11-cv-2047-LJO-BAM. That case resulted in a publicized consent decree in 2015 concerning the delivery of healthcare services to prisoners in the Fresno County, California jail facility. Review of the First Amended Complaint filed in that case confirms that Plaintiff extracted significant portions allegations from that case and adapted the text for use in his 3AC.

Plaintiff's new allegations have no basis in law or fact and are, therefore, frivolous. *See Andrews*, 398 F.3d at 1121. Despite Plaintiff's knowledge that Lerdo is located in Kern County, California, he now brings allegations in the 3AC challenging the "dangerous and unconstitutional conditions in the Fresno County Lerdo Max-Med Security Facilities, in the State of California, County of Fresno." Plaintiff appears to have intentionally modified the location of Lerdo to Fresno County, California in order to adapt the allegations that he copied and pasted from the *Hall* case to his case. Plaintiff then appears to make allegations that the defendants, all Fresno County officials, violated his constitutional rights and were somehow responsible for a denial of medical care.[1] Plaintiff's allegations against these defendants are thus frivolous because they are untied to his alleged lack of medical care in Kern County and contain allegations regarding the location of the Lerdo prison that are false and contradicted by

---

[1] Similarly, Plaintiff's request for injunctive relief has no basis in law or fact. Plaintiff is no longer confined and lives in Las Vegas, Nevada. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (prisoner's claims for injunctive relief relating to prison policies are rendered moot after removal from the facility, absent any reasonable expectation of returning to the facility).

Plaintiff's earlier allegations.

                *2. Failure to State a Claim*

Plaintiff's new "policy and practice" allegations also fail to state a claim upon which relief can be granted. Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no *respondeat superior* liability under section 1983. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones,* 297 F.3d at 934. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ibid*.

As discussed above, Plaintiff has improperly identified Defendants from Fresno County when he was actually being detained in Kern County. Accordingly, the new Defendants could not be responsible for a constitutional violation or have executed an official policy or custom that inflicted injury upon Plaintiff.

Even if Plaintiff had named the correct Defendants, Plaintiff lacks allegations showing a pattern and practice to deny medical care, and a link to Plaintiff's own alleged denial of medical care. Plaintiff has previously alleged from his original Complaint to the present 3AC that the medical staff at Lerdo properly identified the need for a biopsy, but the "U.S. Federal Marshal" denied the request for treatment as Plaintiff "was a federal prisoner in a contracted state facility…" (ECF No. 24 ¶ 35). There is no factual support for any denial of medical care at the Lerdo facility being a result of an unconstitutional pattern and practice.

In sum, the 3AC fails to state a claim against any named Defendant for the reasons already articulated in the Court's October 28, 2015, and April 20, 2016 orders. (ECF Nos. 7, 9-

10). Despite informing Plaintiff on several occasions that the primary issue requiring dismissal of his complaints was that he failed identify the defendant responsible for the denial of his medical care and permitting discovery to locate the correct defendant, Plaintiff has yet again failed to identify the appropriate defendant.

### 3. Leave to Amend Denied

Leave to amend will not be granted as a result of Plaintiff's bad faith and repeated failure to cure the deficiencies. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988). Here, leave to amend would be futile given that Plaintiff has taken discovery as to the person responsible for his alleged lack of care and has been unable to identify any such person. The Court has allowed multiple amendments, with the help of a court-appointed attorney, and Plaintiff has failed to allege facts stating a viable claim.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED as frivolous and for failure to state a claim.

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 24, 2018**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE